UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

TIFFANY HICKS                                              CIVIL ACTION

VERSUS                                                     NO. 15-2591

NEW ORLEANS COUNTRY CLUB                                   SECTION "E"(4)

**ORDER & REASONS**

Before the Court is defendant New Orleans Country Club's motion for summary judgment.[1] The motion was filed on June 2, 2016, and noticed for submission on June 29, 2016.[2] Pro se Plaintiff Tiffany Hicks has not opposed the motion.

Hicks filed the instant complaint against Defendant on July 15, 2015, alleging that she was subjected to sexual and racial harassment and discrimination while working for Defendant by a supervisor and other employee.[3] Although the complaint does not expressly state the law under which Hicks seeks relief, the allegations in Hicks' complaint and the boxes marked on the civil cover sheet attached to the complaint make it clear that she brings her suit under the employment discrimination provisions of Title VII, 42 U.S.C. § 2000e.

Defendant's motion for summary judgment asserts that there is no genuine dispute of material fact that the New Orleans County Club is a private membership club that is exempt from taxation under 16 U.S.C. § 501(c) and therefore exempt from liability under Title VII.[4] Defendant includes a copy of Hicks' charge of discrimination filed with the U.S. Equal Employment Opportunity Commission ("EEOC") and the EEOC's response, which informed Hicks that it was closing its file on the charge because it lacked jurisdiction due to Defendant's

---

[1] R. Doc. 22.
[2] R. Doc. 22-7
[3] R. Doc. 1.
[4] R. Doc. 22-1.

private membership club status.[5] Defendant also attaches affidavits and a letter to Defendant from the Internal Revenue Service supporting the conclusion that Defendant is exempt from taxation under 26 U.S.C. § 501(c)(7).[6]

Title VII expressly exempts from liability bona fide private membership clubs, other than labor organizations, that are exempt from taxation under the provisions of 26 U.S.C. § 501(c). *See* 42 U.S.C. § 2000e(b)(2). Given the lack of opposition to Defendant's motion for summary judgment and the evidence put forward by Defendant, the Court finds it reasonable to conclude that Defendant has established that it is a bona fide private membership club and therefore exempt from Title VII liability as a matter of law. Affording all reasonable inferences which can be drawn from pro se Plaintiff Hicks' pleadings,[7] the Court finds that Defendant is entitled to summary judgment and that final judgment should be entered against Hicks and in Defendant's favor. Accordingly,

**IT IS ORDERED** that defendant's motion for summary judgment[8] is **GRANTED**.

**IT IS FURTHER ORDERED** that the instant action be and hereby is **DISMISSED WITH PREJUDICE**.

**New Orleans, Louisiana, this 6th day of July, 2016.**

*Susie Morgan*
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[5] R. Docs. 22-5 & 22-6.
[6] R. Docs. 22-3 & 22-4.
[7] *See In re Tex. Pig Stands, Inc.*, 610 F.3d 937, 941 n.4 (5th Cir. 2010).
[8] R. Doc. 22.